# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| GRETTA J. BRAMBLETT a/k/a GRETA JEAN JONES, | : : : |
| Plaintiff, | : Civil Action File : |
| | : No. 2:24-CV-101-RWS |
| vs. | : : |
| | : |
| JORDAN WRIGHT, individually; and | : : : |
| | : |
| Defendant. | : : |

## COMPLAINT

1. Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 for Defendant's violation of the rights and privileges afforded Plaintiff by the Fourth Amendment to the United States Constitution, when, acting under color of law and when outside the jurisdiction in which he is a law enforcement officer, Defendant, acting without discretion, unlawfully searched, arrested, and/or detained Plaintiff Gretta J. Bramblett before transporting her across state lines, all in violation of the rights afforded Plaintiff by the United States Constitution.

## The Parties, Jurisdiction & Venue

2. Plaintiff Gretta Bramblett, also known as Greta Jean Jones, is a citizen and resident of Polk County, Tennessee.

3. Upon information and belief, Defendant Jordan Wright ("Wright") is a citizen and resident of Fannin County, Georgia.

4. Defendant Wright is sued in his individual capacity.

5. Defendant Wright is subject to the jurisdiction of this Court.

6. At all times relevant to this suit, Defendant Wright was employed by the McCaysville Police Department in McCaysville, Georgia.

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under the Constitution and laws of the United States.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) as the claims are so related to the claims arising under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that the Defendant reside in this judicial district and the events and/or omissions giving rise to this claim occurred in this district.

## Facts

10. At all times alleged, Defendant Wright was acting under color of law.

11. On June 13, 2022, Defendant Wright was an Officer with the McCaysville Police Department.

12. On June 13, 2022, Defendant Wright was working the daytime shift for the McCaysville Police Department.

13. On June 13, 2022, Defendant Wright observed Plaintiff driving in a vehicle.

14. On June 13, 2022, at 2:07 p.m., Defendant Wright initiated a traffic stop on the vehicle Plaintiff was driving.

15. When Defendant Wright initiated the traffic stop, Plaintiff was located in the State of Tennessee.

16. Defendant Wright initiated the June 13, 2022, traffic stop of Plaintiff outside the city limits of McCaysville, GA.

17. Defendant Wright initiated the June 13, 2022, traffic stop of Plaintiff outside the State of Georgia.

18. Defendant Wright did not observe Plaintiff commit any traffic violations prior to the stop.

19. Before stopping Plaintiff, Defendant Wright had not been in pursuit of Plaintiff.

20. Defendant Wright stopped Plaintiff on June 13, 2022, because he knew Plaintiff and recalled that Plaintiff, at one time, did not have a legally valid driver's license during a previous interaction with her.

21. At the time Defendant Wright stopped Plaintiff, he had no arguable probable cause that she had committed any crime.

22. At the time that Defendant Wright stopped Plaintiff, she had not violated any laws.

23. At the time that Defendant Wright stopped Plaintiff on June 13, 2022, both Defendant Wright and Plaintiff were located completely within the State of Tennessee.

24. Defendant Wright has no law enforcement authority in the State of Tennessee.

25. Defendant Wright has no legal authority to conduct traffic stops within the State of Tennessee except for those that are the result of an immediate, continuous pursuit that initiates within the McCaysville, Georgia city limits and for which Defendant Wright is the primary pursuit officer.

26. Defendant Wright's June 13, 2022, traffic stop of Plaintiff was not part of any immediate, continuous pursuit that had initiated in McCaysville, Georgia.

27. On June 13, 2022, Defendant Wright had no legal authority to arrest Plaintiff outside the city limits of McCaysville, Georgia.

28. Defendant Wright placed Plaintiff in handcuffs after he was informed by dispatch that Plaintiff did not have a valid driver's license.

29. Defendant Wright did not tell Plaintiff at any point during their interaction that he was placing her under arrest.

30. Defendant Wright also never read Plaintiff her Miranda Rights.

31. Defendant Wright then placed Plaintiff in his patrol vehicle and drove her across state lines into the State of Georgia.

32. Defendant Wright ultimately transported Plaintiff out of the State of Tennessee and across the state line to the Fannin County Jail in Georgia.

33. On June 13, 2022, Defendant Wright was a seasoned law enforcement officer with nine (9) years of experience.

34. Based upon his training, education and experience, on June 13, 2022, Defendant Wright knew that he did not have the legal authority to stop Plaintiff outside the McCaysville, Georgia city limits.

35. Based upon his training, education and experience, on June 13, 2022, Defendant Wright knew that he did not have the legal authority to stop Plaintiff within the State of Tennessee.

36. Based upon his training, education and experience, on June 13, 2022, Defendant Wright knew that he did not have the legal authority to arrest Plaintiff outside the McCaysville, Georgia city limits.

37. Based upon his training, education and experience, on June 13, 2022, Defendant Wright knew that he did not have the legal authority to arrest Plaintiff within the State of Tennessee.

38. Despite knowing that he did not have the legal authority to stop Plaintiff outside the McCaysville, Georgia city limits, on June 13, 2022, Defendant Wright initiated a traffic stop of Plaintiff outside the McCaysville, Georgia city limits.

39. Despite knowing that he did not have the legal authority to stop Plaintiff within the State of Tennessee, on June 13, 2022, Defendant Wright arrested Plaintiff.

40. Despite knowing that he did not have the legal authority to arrest Plaintiff outside the McCaysville, Georgia city limits, on June 13, 2022, Defendant Wright arrested Plaintiff.

41. Despite knowing that he did not have the legal authority to arrest Plaintiff within the State of Tennessee, on June 13, 2022, Defendant Wright arrested Plaintiff.

42. Defendant Wright did not have the discretion to expand the jurisdictional limits of his law enforcement powers.

43. In stopping Plaintiff on June 13, 2022, Defendant Wright was not acting within his discretion.

44. In arresting Plaintiff on June 13, 2022, Defendant Wright was not acting within his discretion.

**Count One 42 – U.S.C. § 1983:**
**Unlawful Search and Seizure and False Arrest**

45. This Count is alleged against Defendant pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution for the false arrest of Plaintiff.

46. At all times relevant on June 13, 2022, Defendant Wright was acting under color of law.

47. On June 13, 2022, and for years preceding then, Georgia statutory law prohibited Defendant Wright from stopping persons outside the McCaysville, Georgia city limits.

48. On June 13, 2022, and for years preceding then, Georgia statutory law prohibited Defendant Wright from arresting persons outside the McCaysville, Georgia city limits.

49. Defendant Wright, as a seasoned law enforcement officer, knew that Georgia statutory law prohibited him from stopping Plaintiff on June 13, 2022.

50. Defendant Wright, as a seasoned law enforcement officer, knew that Georgia statutory law prohibited him from arresting Plaintiff on June 13, 2022.

51. No reasonable officer in Defendant Wright's position could have believed that there was probable cause or even arguable probable cause to stop or search Plaintiff on June 13, 2022.

52. Defendant Wright stopped, searched and arrested Plaintiff without a warrant, without probable cause, or even arguable probable cause, to believe she had committed a crime and did so outside the areas where Defendant had the legal authority to do so.

53. Defendant Wright stopped, searched and arrested Plaintiff without a warrant, without probable cause, or even arguable probable cause, and in violation of O.C.G.A. § 4-13-30.

54. Defendant Wright stopped, searched and arrested Plaintiff without a warrant, without probable cause, or even arguable probable cause, and in violation of the United States Constitution.

55. The stop, search and arrest of an individual without any probable cause is a violation of clearly established rights.

56. The stop, search and arrest of an individual without the legal authority to do so is a violation of clearly established rights.

57. On June 13, 2022, Defendant used the power of his badge, uniform and other tools to effectuate a traffic stop of Plaintiff when both Defendant and Plaintiff were completely outside the city limits of McCaysville, Georgia which is the only jurisdiction where Defendant has the discretionary, legal law enforcement power to effectuate a traffic stop of individuals.

58. On June 13, 2022, Defendant used the power of his badge, uniform and other tools to effectuate a traffic stop of Plaintiff when both Defendant and Plaintiff were completely within the State of Tennessee, where Defendant lacks all legal authority to effectuate a traffic stop of individuals.

59. On June 13, 2022, Defendant used the power of his badge, uniform and other tools to arrest Plaintiff when both Defendant and Plaintiff were completely outside the city limits of McCaysville, Georgia which is the only jurisdiction where Defendant has the discretionary, legal law enforcement power to effectuate a traffic stop of individuals.

60. On June 13, 2022, Defendant used the power of his badge, uniform and other tools to arrest Plaintiff when both Defendant and Plaintiff were completely within the State of Tennessee, where Defendant lacks all legal authority to effectuate a traffic stop of individuals.

61. Defendant's June 13, 2022, traffic stop of Plaintiff was a seizure of her person in violation of the Fourth Amendment to the United States Constitution, incorporated through the Fourteenth Amendment because Defendant lacked legal authority to effectuate the traffic stop.

62. Defendant's June 13, 2022, arrest of Plaintiff was a seizure of her person in violation of the Fourth Amendment to the United States Constitution, incorporated through the Fourteenth Amendment because Defendant lacked legal authority to arrest Plaintiff.

63. On or about July 7, 2022, the State of Georgia dismissed all charges against Plaintiff arising from the June 13, 2022, incident. See Ex. 1.

64. The dismissal explicitly stated that the arrest of Plaintiff was in violation of the Uniform Criminal Extradition Act and Article IV, Section 2 of the Constitution of the United States. See Ex. 1.

### Count Two: 42 U.S.C. § 1983 – False Imprisonment

65. This Count is alleged against Defendant Wright under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution for the unlawful seizure and the false imprisonment of Plaintiff.

66. At all times relevant to this Complaint, Defendant Wright was acting under the color of law.

67. Defendant Wright did not have any probable cause justifying Plaintiff's June 13, 2022, arrest because Defendant Wright completely lacked all legal authority outside the McCaysville, Georgia city limits.

68. Defendant Wright did not have any probable cause justifying Plaintiff's June 13, 2022, arrest because Defendant Wright completely lacked all legal authority within the State of Tennessee.

69. At the time of the June 13, 2022, traffic stop of Plaintiff, Defendant Wright knew that he and Plaintiff both were outside the McCaysville, Georgia city limits.

70. At the time of June 13, 2022, traffic stop of Plaintiff, Defendant Wright knew that he had no law enforcement authority to stop Plaintiff outside the McCaysville, Georgia city limits.

71. At the time of the June 13, 2022, traffic stop of Plaintiff, Defendant Wright knew he and Plaintiff both were within the State of Tennessee.

72. No reasonable officer in Defendant Wright's position could have believed that there was probable cause or even arguable probable cause to stop Plaintiff on June 13, 2022.

73. Defendant Wright detained Plaintiff on June 13, 2022, without a warrant, without probable cause, or even arguable probable cause, to believe she had committed a crime.

74. Defendant Wright arrested Plaintiff on June 13, 2022, without a warrant, without probable cause, or even arguable probable cause, to believe she had committed a crime.

75. Defendant Wright detained Plaintiff on June 13, 2022, without the legal authority to do so because he and Plaintiff both were outside the McCaysville, Georgia city limits.

76. Defendant Wright arrested Plaintiff on June 13, 2022, without legal authority to do so because he and Plaintiff both were within the State of Tennessee.

77. The detention of an individual without any probable cause is a violation of clearly established rights.

78. As a result of Plaintiff's detention, she suffered a loss of liberty, humiliation, and emotional distress.

79.  On or about July 7, 2022, the State of Georgia dismissed all charges against Plaintiff arising from the June 13, 2022, incident. See Ex. 1.

80. The dismissal explicitly states that Defendant Wright's June 13, 2022, arrest and detention of Plaintiff violated both Georgia and Tennessee law and Article IV, Section 2, Clause 2 of the United States Constitution.

### Count Four – State Law False Arrest on June 13, 2022

81.  Plaintiff brings this Count against Defendant Wright under O.C.G.A. §51-7-1[1] for the false arrest of Plaintiff.

82. At all times relevant to this complaint, Defendant Wright was acting under color of law.

83.  On June 13, 2022, Defendant Wright arrested Plaintiff without probable cause.

84. On June 13, 2022, Defendant arrested Plaintiff outside the city limits of McCaysville, Georgia.

---

[1] The Georgia Tort Claims Act expressly excludes the tort of false arrest from its statutory definition.

85. O.C.G.A. § 40-13-30 prohibited Defendant Wright from stopping Plaintiff on June 13, 2022.

86. O.C.G.A. § 40-13-30 prohibited Defendant Wright from arresting Plaintiff on June 13, 2022.

87. On June 13, 2022, and for years before then, Defendant Wright knew that O.C.G.A. § 40-13-30 prohibited him from effectuating traffic stops outside the McCaysville, Georgia city limits.

88. On June 13, 2022, and for years before then, Defendant Wright knew that O.C.G.A. § 40-13-30 prohibited him from arresting individuals outside the McCaysville, Georgia city limits.

89. On June 13, 2022, and for years before then, Defendant Wright knew that O.C.G.A. § 40-13-30 prohibited him from stopping individuals within the State of Tennessee.

90. On June 13, 2022, and for years before then, Defendant Wright knew that O.C.G.A. § 40-13-30 prohibited him from arresting individuals within the State of Tennessee.

91. On June 13, 2022, Defendant acted maliciously in arresting Plaintiff.

92. On June 13, 2022, the circumstances show that no reasonable person would have had any grounds for arresting Plaintiff.

93. On or about July 7, 2022, the State of Georgia dismissed all charges against Plaintiff arising from the June 13, 2022, incident. See Ex. 1.

94. The dismissal explicitly states that Defendant Wright's June 13, 2022, arrest and detention of Plaintiff violated both Georgia and Tennessee law and Article IV, Section 2, Clause 2 of the United States Constitution. See Ex. 1.

**WHEREFORE**, Plaintiff prays:

A.   That all special and general damages be awarded to Plaintiff in an amount shown by the evidence and determined by the enlightened conscious of the jury;

B.   That punitive damages be awarded against Defendant when allowable by law in an amount to be determined by the enlightened conscious of the jury to punish Defendant and deter Defendant and others from similar misconduct in the future;

C.   That a trial by jury be had on all issues permitted;

D.   That attorneys' fees and expenses of litigation be awarded as authorized under the law;

E.   Such other further equitable or monetary relief as the Court deems just and proper.

Dated:     May 2, 2024.

                                            **HALL & LAMPROS, LLP**

                                            */s/ Andrew Lampros*
                                            Andrew Lampros

                                                              Ga. Bar #432328

300 Galleria Parkway SE
Suite 300
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com
*Attorneys for Plaintiff*